Robert Salgado (SBN 297391)
DAVIS & NORRIS, LLP
5755 Oberlin Dr. Suite 301
San Diego, CA 92121
Phone: 858-333-4103
Fax Number: 205-930-9989
Email: rsalgado@davisnorris.com

Dargan Ware (SBN 329215)
John E. Norris (pro hac vice anticipated)
Andrew Wheeler-Berliner (SBN 290495)
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone; 205.930.9900
dware@davisnorris.com
jnorris@davisnorris.com
andrew@davisnorris,com

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 792 Individual Consumers,<br><br>        Plaintiffs,<br>vs.<br><br>Intuit, Inc.,<br><br>        Defendant. | Case No.: _____<br><br>**DECLARATION OF WESLEY W. BARNETT** |

///

///

///

///

- 1 -

1.  My name is Wesley W. Barnett. I am over the age of majority and competent to testify to the information contained within this Declaration. I have personal knowledge of the the following items.

2.  I am an attorney with Davis & Norris, LLP, and represent the Plaintiffs in this case.

3.  The plaintiffs in this case (792 individuals listed on the attachment to the Complaint), along with numerous other individuals represented by my firm, have filed individual arbitrations against Intuit, Inc. ("Intuit") with the American Arbitration Association ("AAA").

4.  Intuit's terms of service for each tax year that it provided services adopts California Law. The arbitration claims filed by each of the Plaintiffs in this case include a claim under the California Consumer Legal Remedies Act, and a claim under the federal Sherman Act.

5.  In the process of administering the individual arbitrations, the American Arbitration Association appoints arbitrators in accordance with its Consumer Arbitration Rules.

6.  During the course of the arbitration matters my firm is involved in, Intuit has disqualified an excessive number of arbitrators pursuant to California Code of Civil Procedure Section 1281.91 without cause.

7.  Based on my review of all arbitration filings to date, Intuit disqualified 805 out of 1,040 arbitrators who were appointed to an arbitration. That is 77% of all arbitrator appointments.

8.  Beginning on October 23, 2020 and continuing through July 14, 2021, Davis & Norris, LLP has filed approximately 1,018 arbitration demands with the AAA.

9.  Based on my review of AAA filings, we have only had 82 preliminary conferences (the very first conference with the Arbitrator) to date. All other matters are awaiting arbitrator appointment, confirmation of an arbitrator, and preliminary conference settings.

10. In recent arbitrator appointments for arbitration cases including Plaintiffs' arbitration cases, Intuit has disqualified:

    a.  On March 3 and 9, 2022, 78% of the 467 arbitrators appointed;
    b.  On March 25, 2022, 89% of the 115 arbitrators appointed;
    c.  On April 1, 2022, 57% of the 28 arbitrators appointed; and
    d.  On April 15, 2022, 97% of the 167 arbitrators appointed.

11.     In some instances, Intuit is striking a particular arbitrator in some, but not all, of the arbitrations AAA assigned that arbitrator to. For instance, one particular arbitrator who was appointed in paragraph 7 was disqualified by Intuit in 11 out of 12 cases he was appointed to. Intuit has disqualified 20 arbitrators in this fashion, striking them from 177 arbitrations out of 223 that those same arbitrators were appointed to.

12.     Arbitrator disqualifications cause delay in arbitrations. To illustrate the point, in one matter a claimant's arbitration took six months longer to reach the preliminary conference stage due to arbitrator disqualifications. In the matter of C. Thomas, Intuit disqualified eight different arbitrators. Her case was filed in January of 2021, but did not reach the preliminary conference stage until April of 2022. The matter of R. Breeden, on the other hand, was filed in January of 2021 and reached the preliminary conference stage in September of 2021. Neither C. Thomas nor R. Breeden are plaintiffs in this matter, but are discussed as examples.

13.     AAA takes the position that under California Code of Civil Procedure Section 1281.91 any party can disqualify an unlimited number of arbitrators in any single case without cause.

14.     All Plaintiffs in this case have filed arbitrations in 2021 and are awaiting the preliminary conference stage.

15.     The American Arbitration Association has repeatedly expressed its concern that this high rate of disqualification will dramatically reduce the available not objected to Arbitrators to handle these consumer cases.

16.     After the most recent disqualifications by Intuit of 97% of arbitrators appointed, AAA stated that, "If the parties continue to object at this high of a rate, the number of available and not objected to AAA arbitrators for appointment to these California cases will continue to be reduced dramatically."

Dated: 4/22/2022                        /s/     Wesley W. Barnett
                                                             Wesley W. Barnett
                                                             Attorney for Plaintiffs